**Thomas V. Dulcich, OSB #802105**
tdulcich@schwabe.com
**Román D. Hernández, OSB #011730**
rhernandez@schwabe.com
**Rebecca A. Boyette, OSB #135024**
rboyette@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981
Fax 503.796.2900
        Of Attorneys for Verizon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FOG CAP ACCEPTANCE, INC., an Oregon corporation; and FOG CUTTER CAPITAL GROUP, INC., a Maryland corporation,<br><br>              Plaintiffs,<br><br>   vs.<br><br>VERIZON BUSINESS NETWORK SERVICES, INC., a Delaware corporation; VERIZON GLOBAL NETWORKS INC., a Delaware corporation; MCI COMMUNICATIONS SERVICES, INC., fka MCI WORLDCOM COMMUNICATIONS, INC., abn VERIZON BUSINESS SERVICES, a Delaware corporation; and JOHN DOE, a corporate entity currently unknown to Plaintiffs,<br><br>              Defendants. | No. 3:11-CV-724-PK<br><br>VERIZON'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE AND SUPPORTING MEMORANDUM<br><br>ORAL ARGUMENT REQUESTED |

## TABLE OF CONTENTS

I.    MOTION ................................................................................................1

II.   MEMORANDUM ...................................................................................1

    A.    Introduction ...............................................................................1

    B.    Statement of Facts......................................................................2

    C.    Argument ....................................................................................4

        1.    Plaintiffs were in control of and had a duty to preserve computer
            hard drives and computer discs that potentially contained the
            Centrisoft software and source code ...................................................5

        2.    Plaintiffs willfully destroyed computer hard drives in the fall of
            2010 that potentially contained the Centrisoft software .................8

        3.    The destroyed evidence was relevant to Verizon's defense against
            Plaintiffs' claims ..............................................................................10

        4.    Plaintiffs should be sanctioned for their spoliation.......................12

            a.    Verizon is entitled to dismissal of all of Plaintiffs' claims 12

            b.    Short of dismissal, the Court should exclude Plaintiffs'
               expert testimony and enter an adverse
               inference jury instruction ...................................................16

    D.    Conclusion ................................................................................17

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX\120226\181299\RAT\14269345.1

# I.    **MOTION**

Defendants Verizon Business Network Services, Inc., Verizon Global Networks Inc., and

MCI Communications Services, Inc., fka MCI Worldcom Communications, Inc., abn Verizon

Business Services  (collectively, "Verizon") respectfully move the Court for an order sanctioning

Plaintiffs Fog Cap Acceptance Inc. and Fog Cutter Capital Group, Inc.'s (collectively,

"Plaintiffs") spoliation of evidence. The Court should dismiss all of Plaintiffs' claims against

Verizon, or in the alternative, exclude all of Plaintiffs' expert witness testimony regarding the

Centrisoft software.   Pursuant to Local Rule 7-1, counsel for Verizon hereby certify that they

conferred in good faith with counsel for Plaintiffs and they were unable to resolve the dispute.

# II.    **MEMORANDUM**

## A.    **Introduction**

Some seven months before filing their suit, Plaintiffs willfully destroyed evidence of

central importance to this case – the hard drives of ten to fifteen computers that may have

contained operational copies of the Centrisoft software and source code.[1]  Plaintiffs also failed to

preserve the software and source code in the possession of its former employee, Mr. Michael

Newton.  Plaintiffs hired Mr. Newton from Centrisoft to further develop and modify the

software, but never asked him to return it to them after terminating him.[2]  Instead, Mr. Newton

---

[1] *See* Declaration of Román D. Hernández in Support of Verizon's Motion for Sanctions for Spoliation of Evidence and Supporting Memorandum (hereinafter, "*Hernández Decl.*"), Exh. A, Transcript of Dave Hansen's Deposition (hereinafter, "*Hansen Depo*") at 65:13-66:9, and 68:6-15.
[2] *See Hernández Decl.*, Exh. B, Transcript of Robert Scott Stevenson's Deposition (hereinafter, "*Stevenson Depo*") at 213:25-214:25, 215:3-216:8.

Page 1 -    VERIZON'S MOTION FOR SANCTIONS FOR
SPOLIATION OF EVIDENCE AND SUPPORTING
MEMORANDUM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX\120226\181299\RAT\14269345.1

simply threw away multiple discs with various versions of the software and source code.[3]

The alleged loss of the Centrisoft software forms the sole basis of all of Plaintiffs' claims against Verizon. Had Plaintiffs preserved these hard drives or discs, Verizon would likely have a complete defense to all of Plaintiffs' claims. This Court should sanction Plaintiffs by dismissing all of Plaintiffs' claims against Verizon.  In the alternative, this Court should exclude Plaintiffs' expert witness testimony regarding the Centrisoft software, and instruct the jury that it may presume the destroyed evidence would have been unfavorable to Plaintiffs.

### B.    Statement of Facts

Centrisoft Corporation ("Centrisoft") was an Oregon corporation that developed software to allow users to meter and allocate Internet capacity from a central hosted location.[4]  As part of 2005 agreements,[5] Verizon (then known as MCI WorldCom Communications Inc.) hosted two Centrisoft servers that contained a copy of the Centrisoft software at a Verizon data center.[6]

In June of 2008, Plaintiffs acquired all of Centrisoft's assets, including its software and hardware.[7]  Soon after, Plaintiffs moved ten to fifteen Centrisoft desktop computers to the Fog Cutter offices in Portland, Oregon.[8]  Each of those computers potentially contained operational copies of the Centrisoft software and source code at issue in this litigation.[9]

Plaintiffs continued to operate the Centrisoft computer software business until June

---

[3] *See Hernández Decl.*, Exh. C, Transcript of Michael Newton's Deposition (hereinafter, "*Newton Depo*") at 31:10-25, 38:5-18.
[4] FAC, ¶ 7.
[5] *Id.*, ¶ 9.
[6] *See id.*, ¶ 18.
[7] *Id.*, ¶ 11.
[8] *Hansen Depo.*, 61:11-62:15, 63:8-15.

Page 2 -      VERIZON'S MOTION FOR SANCTIONS FOR
                   SPOLIATION OF EVIDENCE AND SUPPORTING
                   MEMORANDUM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

2009.[10]  Verizon terminated the resale and hosting agreements on April 13, 2009.[11]  Around May

28, 2009, Verizon returned the Centrisoft servers to Plaintiffs.  A few days later, Mr. Dave

Hansen, Fog Cutter's Manager of Information Technology, complained to Verizon that the

returned servers had been wiped clean.[12]  On June 2, 2009, Mr. Hansen requested that Verizon

restore one of the Centrisoft servers from backup.[13]  Verizon did so, and again shipped the server

to Fog Cutter on July 1, 2009.

   In July 2009, Mr. Hansen booted up the server, but believed that the restoration had not

been successful.[14]  Neither he nor anyone else at Fog Cutter sought assistance from Verizon,

from its own Mr. Michael Newton (a computer software development engineer), or any third

party to assist in inspecting the restored server and/or to resolve any issues with the Centrisoft

software.[15]  In fact, neither Mr. Hansen nor anyone else at Fog Cutter ever contacted Verizon at

all after July of 2009.[16]

   Meanwhile, Plaintiffs had ten to fifteen computers with Centrisoft software and source

code since at least June 2008.[17]  Centrisoft's former Chief Technology Officer, Mr. Suketu

Pandya, testified that "an operating version of the Centrisoft software product, including its

---

[9] *See id.,* 65:13-66:19; *see also,* Declaration of Suketu Pandya ¶¶ 3-4, 6 (hereinafter "*Pandya Decl.*"); Declaration of Ramesh Krishnan (hereinafter "*Krishnan Decl.*"), ¶¶ 3, 5.
[10] *Stevenson Depo,* 167:2-168:14, 204:17-205:7, 214:14-18.
[11] FAC, ¶ 22.
[12] *Hansen Depo,* pp. 149:20-153:13.
[13] *Id.,* p. 1.
[14] *Hansen Depo,* 120:13-25, 121:16-123:23;
[15] *Newton Depo,* 30:1-5; *Stevenson Depo* 217:1-8; *Hansen Depo,* 74:10-14; *Stevenson Depo* 217:1-3.
[16] *See Hernández Decl.*, Exh. D, Transcript of Andrew Wiederhorn's Deposition (hereinafter "*Wiederhorn Depo*") *Wiederhorn Depo* 119:22-121:23; Declaration of Anne Wilson (hereinafter "*Wilson Decl.*") ¶ 13.

Page 3 -    VERIZON'S MOTION FOR SANCTIONS FOR
SPOLIATION OF EVIDENCE AND SUPPORTING
MEMORANDUM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

source code, resided on servers or desktop computers available to [Centrisoft software

development engineers] on the premises at Centrisoft."[18]  After taking possession of Centrisoft's

computer equipment, no one <u>ever</u> checked whether any of these computers contained Centrisoft

software or source code.[19]  Instead, some seven months before suing Verizon, Plaintiffs

physically destroyed the hard drives of these computers without inspection in the fall of 2010.[20]

Plaintiffs also failed to preserve the Centrisoft software and source code that Mr. Newton

had in his possession after Plaintiffs terminated his employment in June of 2009; eventually,

because Plaintiffs never asked him to return it, Mr. Newton simply threw it away.[21]

###    C.    <u>Argument</u>

Spoliation is the destruction of evidence or the failure to preserve property for another's

use as evidence in litigation.[22]  The duty to preserve evidence is triggered "not only during

litigation, but also extends to the period before litigation when a party should reasonably know

that evidence may be relevant to anticipated litigation."[23]

District courts have inherent discretion to impose sanctions for spoliation based on their

power "to make discovery and evidentiary rulings conducive to the conduct of a fair and orderly

trial."[24]  Possible sanctions include dismissal of claims, exclusion of evidence, and adverse jury

instructions permitting a jury to draw an inference that the destroyed evidence would have been

---

[17] *Hansen Depo,* 61:11-62:15, 63:8-15; *Pandya Decl.* ¶¶ 6, 7.
[18] *Pandya Decl.* ¶ 7.
[19] *Id.,* 67:6-12.
[20] *Id.,* 65:21-66:19.
[21] *Id.*, pp. 31:10-25; 38:5-18.
[22] *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002).
[23] *Surowiec v. Capital Title Agency, Inc.,* 790 F. Supp.2d 997, 1005 (D. Ariz. 2011).
[24] *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.,* 982 F.2d 363, 368 (9th Cir. 1992).

Page 4 -    VERIZON'S MOTION FOR SANCTIONS FOR
SPOLIATION OF EVIDENCE AND SUPPORTING
MEMORANDUM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX\120226\181299\RAT\14269345.1

adverse to the party responsible for its destruction.[25]

Verizon brings this motion to establish that Plaintiffs committed spoliation of key

evidence, and should bear the consequences.  To prevail, Verizon will show:

(1)    that Plaintiffs had control over and an obligation to preserve the evidence when it
       was destroyed;

(2)    that Plaintiffs destroyed the evidence with a "culpable state of mind," *i.e.*,
       willfully; and,

(3)    that the destroyed evidence was relevant to Verizon's defense, such that a
       reasonable trier of fact could find that it would support Verizon's defense.[26]

This Court recently applied this standard in *PacifiCorp v. Northwest Pipeline GP*, 879 F.

Supp. 2d 1171 (D. Or. 2012).

> **1.    Plaintiffs were in control of and had a duty to preserve computer hard
>         drives and computer discs that potentially contained the Centrisoft
>         software and source code**

Plaintiffs committed spoliation because they destroyed hard drives that potentially

contained relevant evidence.  Destruction of evidence constitutes spoliation if the destroying

party had <u>some</u> notice that the evidence was <u>potentially</u> relevant to the litigation.[27]  "As soon as a

potential claim is identified, a litigant is under a duty to preserve evidence which it knows or

reasonably should know is relevant to the action."[28]  "The future litigation must be 'probable,'

---

[25] *Id.* at 368-70.

[26] *Jackson Family Wines, Inc. v. Diageo N. Am., Inc.,* 2014 U.S. Dist. LEXIS 19420 at *13 (N. D. Cal. 2014) (quoting *Residential Funding Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99, 107 (2d. Cir. 2002).

[27] *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002) (emphasis added).

[28] *Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.*, 264 F.R.D. 517, 523-24 (N.D. Cal. 2009) (internal citation omitted).

VERIZON'S MOTION FOR SANCTIONS FOR
           SPOLIATION OF EVIDENCE AND SUPPORTING
           MEMORANDUM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

which has been held to mean 'more than a possibility.'"[29]  While the duty to preserve evidence is

not based on a "distant possibility of litigation," "it is not so inflexible as to require that litigation

be imminent."[30]

Plaintiffs had an obligation to preserve the ten to fifteen Centrisoft hard drives destroyed

in the fall of 2010 because they had notice of a potential dispute with Verizon as early as June

2009.  Plaintiffs also had a duty to preserve Centrisoft software in the possession of Mr. Newton,

who testified that he had "different versions of the software" on computer discs.  Plaintiffs never

asked him to return their software and source code after they fired him, so he eventually threw it

away.[31]

As early as June 2, 2009, Plaintiffs knew that the Verizon returned the Centrisoft server

blank and contacted Mr. Jack Pond, a Verizon employee, to complain.[32]  In fact, the erased

software forms the sole basis of Plaintiffs' claims against Verizon.[33]  On June 3, 2009, Mr.

Hansen requested that Verizon restore server from backup.[34]  After Verizon did so, Mr. Hansen

inspected the server and concluded that the restoration had not been successful.[35]  According to

Mr. Hansen, when he booted up the server in July of 2009, he believed that "the system was

blank."[36]

Andrew Wiederhorn (Fog Cap's CEO), Robert Stevenson (Fog Cap's CFO), and Mr.

---

[29] *Hynix Semiconductor Inc. v. Rambus, Inc.*, 591 F. Supp. 2d 1038, 1061 (N.D. Cal. 2006).
[30] *PacifiCorp v. Northwest Pipeline GP,* 879 F. Supp. 2d 1171, 1188 (D. Or. 2012).
[31] *Newton Depo*, 31:10-25; 38:5-18.
[32] *Hansen Depo*, pp. 150:16-151:21.
[33] *See* FAC, ¶ 15, 19, 23.
[34] *Id.,* p. 1.
[35] *Hansen Depo,* 120:13-25, 121:16-123:23.
[36] *Id.,* 123:10-18.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

PDX\120226\181299\RAT\14269345.1

Hansen all testified that as of June 2009, Fog Cutter believed that the only operational copy of the Centrisoft software resided on the returned Centrisoft server. Mr. Stevenson testified that among Fog Cutter personnel, "it was well known that there was only the one working copy of the software" and this was well known "certainly during all of 2009."[37] Both Mr. Wiederhorn and Mr. Hansen corroborated Mr. Stevenson's testimony.[38]

By July 2009 at the latest, Plaintiffs knew or reasonably should have known that they had a potential claim against Verizon for erasing what they believed to be their only operational copy of the Centrisoft software – and it was more than a mere "distant possibility" that Plaintiffs' claim would result in litigation.

From June 2008 until the fall of 2010, Plaintiffs had ten to fifteen computers that they brought to Fog Cutter's offices from the former Centrisoft offices.[39] Mr. Hansen testified that it was possible that these computers contained all or part of the Centrisoft software, yet no one anyone associated with Plaintiffs ever checked. Instead, Plaintiffs destroyed them in the fall of 2010, more than a year after Verizon returned the servers and seven months prior to this litigation.[40] Plaintiffs knew or reasonably should have known that those computer hard drives were potentially relevant to this litigation, and thus their failure to preserve them constitutes spoliation.[41] The same is true for the computer discs that Mr. Newton had upon which he stored the Centrisoft software and source code; he threw them away some time after he was fired by

---

[37] *Stevenson Depo*, 229:14-25, 230:15-22.
[38] *Wiederhorn Depo* at 49:23-50:7; *Hansen Depo*, 88:17-21, 89: 2-6.
[39] *Krishnan Decl.*, ¶ 5.
[40] *Hansen Depo*, 67:6-12, 68:6-15.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

Fog Cutter.

2.      **Plaintiffs willfully destroyed computer hard drives in the fall of 2010 that potentially contained the Centrisoft software**

Destruction of evidence is willful if the party has "some notice that the documents were *potentially* relevant to the litigation before they were destroyed."[42] The destruction need not be intentional to merit a sanction; it is willful if the evidence was destroyed "knowingly, even if without intent to [breach a duty to preserve it], or negligently."[43] Even if a party is merely negligent in its failure to preserve relevant evidence, if it causes substantial prejudice, that still merits the severe sanction of dismissal.[44]

Because Plaintiffs do not deny that they destroyed the hard drives after they had notice of a potential claim against Verizon, the willfulness inquiry focuses on the potential relevance of the destroyed evidence.[45] Plaintiffs claim that Verizon erased their only copy of the Centrisoft

---

[41] *See United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002) (destruction of evidence constitutes spoliation if the destroying party had some notice that the evidence was potentially relevant to the litigation).

[42] *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)) (emphasis in *Leon*).

[43] *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 108 (2d Cir. 2002).

[44] *See Unigard Security Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 369 (9th Cir. 1992); *Erlandson v. Ford Motor Co.*, 2009 US Dist. LEXIS 101316 *16-17 (D. Or. Oct 30, 2009) (imposing the dismissal sanction based on the prejudice caused by the plaintiff's spoliation of evidence, even though the plaintiff "did not have the benefit of counsel" and did not appear to have spoliated the evidence "with an improper motive"); *see also Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 593 (4th Cir. 2001) (noting that the prejudice to the defendant may warrant dismissal even if the plaintiff's conduct is "less culpable").

[45] *PacifiCorp*, 879 F. Supp. 2d at 1190 (citing *Leon*, 464 F.3d at 959 (destruction of evidence willful if the destroying party had notice that the evidence was potentially relevant to the litigation).

Page 8 -      VERIZON'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE AND SUPPORTING MEMORANDUM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX\120226\181299\RAT\14269345.1

software.[46] Yet, Mr. Hansen testified that the destroyed hard drives could have contained "all" of the Centrisoft software.[47]   Mr. Pandya stated that Centrisoft's software developers used these computers to develop the Centrisoft software.[48]  Thus, the Centrisoft software must have resided on the hard drives before they were purposely destroyed by Plaintiffs.

Plaintiffs' destruction of the hard drives was willful as a matter of law, and merits sanction by this Court for spoliation.  This applies as well to computer discs with software and source code that were in the possession of Mr. Newton, which Plaintiffs failed to preserve. Plaintiffs never asked for it back, so he eventually threw this critical and relevant evidence away.[49]  Taken together, Plaintiffs' multiple acts of spoliation substantially prejudiced Verizon's ability to defend itself, and this behavior warrants a sanction.  This Court, as explained below, has imposed sanctions when destruction of relevant evidence was willful.

3.    The destroyed evidence was relevant to Verizon's defense against
      Plaintiffs' claims

This Court has previously recognized that when the destroyed evidence relates to "a

---

[46] See Stevenson Depo, 229:14-25, 230:15-22; Wiederhorn Depo, 49:23-50:7; Hansen Depo, 88:17-21, 89: 2-6.

[47] Hansen Depo, 68:6-15.

[48] Pandya Decl., ¶¶ 6-7 ("there were several backups of the Centrisoft software that Centrisoft maintained, including multiple copies that were being used for software development by the various software development engineers...I recall observing those fellow software engineers at their computer workstations that were located in the Centrisoft offices; "an operating version of the Centrisoft software, including its source code, resided on servers or desktop computers available to us on the premises at Centrisoft").

[49] See Erlandson, 2009 U.S. Dist. LEXIS 101316 at *12 ("[T]he initial duty to preserve material evidence falls to Plaintiffs and extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation.  The party in control of the evidence has an obligation to give the opposing party notice of access to the evidence. . .if the party anticipates litigation involving that evidence.") (internal citations and quotes omitted).

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

central dispute" in the litigation, its relevance is "self-evident."[50]  In *PacifiCorp v. Northwest*

*Pipeline GP,* the plaintiff sued for damages arising from shut-downs of a generation plant caused

by compressor oil in the gas supply that contaminated the generator turbines.[51]  The defendant

moved for spoliation sanctions, based on the plaintiff's willful destruction of the allegedly

damaged turbine components.[52]  After establishing a duty to preserve the destroyed turbine

components, this Court noted that "the destruction of turbine parts is a central dispute in this

litigation."[53]  "[I]t is self-evident that the destroyed fuel nozzles are relevant...since Pacificorp

seeks damages for their refurbishment and for lost revenue allegedly caused by their failure."[54]

Because the destroyed evidence was relevant and central to the dispute, this Court found that

plaintiff's destruction was "willful."[55]

      As in *PacifiCorp,* the relevance of the destroyed hard drives to Verizon's defense is self-

evident, because they potentially contained an operational copy of the allegedly lost Centrisoft

software for which Plaintiffs seek damages.[56]  The destroyed evidence clearly relates to the

central dispute in this litigation.

      Mr. Pandya establishes the high likelihood that the destroyed hard drives contained

operational copies of the Centrisoft software:

> "[S]everal backups of the Centrisoft software that Centrisoft maintained,
> including multiple copies that were being used for software development
> by the various software development engineers, who like me, all had a

---

[50] *PacifiCorp,* 879 F. Supp. 2d at 1191-92.

[51] *Id.* at 1176.

[52] *Id.* at 1187.

[53] *Id.* at 1191.

[54] *Id.* at 1192.

[55] *Id.* at 1190.

[56] *Pandya Decl.* ¶¶ 6-7.

VERIZON'S MOTION FOR SANCTIONS FOR
SPOLIATION OF EVIDENCE AND SUPPORTING
MEMORANDUM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

copy of the Centrisoft software because we were making our various modifications and improvements to the Centrisoft software, including the software source code."[57]

Further, Mr. Pandya recalls "observing those fellow software engineers at their computer workstations that were located at the Centrisoft offices."[58] He is certain that multiple versions of the Centrisoft software and its source code resided on those ten to fifteen desktop computer hard drives at one time before Fog Cutter destroyed them.[59] And Mr. Hansen admits that it is possible that the destroyed hard drives contained operational copies of the Centrisoft software.[60] Had they been preserved, Verizon would have an opportunity locate evidence to refute Plaintiffs' claims in their entirety. Verizon has been unfairly prejudiced by Plaintiffs' spoliation.

### 4.   Plaintiffs should be sanctioned for their spoliation

This Court should sanction Plaintiffs for their spoliation of key evidence. An appropriate sanction for spoliation restores the evidentiary imbalance created by the despoiler[61] and serves to deter future litigants.[62] Factors in determining the appropriate sanction include (1) the degree of fault of the party who destroyed the evidence, (2) the degree of prejudice suffered by the innocent party, and (3) whether there is a lesser sanction that will avoid substantial unfairness to the innocent party.[63]

///

---

[57] *Pandya Decl.* ¶ 6.
[58] *Id.*
[59] *Pandya Decl.* ¶¶ 4-7.
[60] *Hansen Depo,* 68:6-15.
[61] *See Residential Funding,* 306 F.3d at 108.
[62] *See Atlantic Recording Corp. v. Howell,* 2008 U.S. Dist. LEXIS 113242 at * 9 (D. Ariz. 2008).
[63] *Jackson Family Wines,* 2014 U.S. Dist. LEXIS 19420 at *21-22 (citing *Nursing Home Pension Fund v. Oracle Corp.,* 254 F.R.D. 559, 563 (N.D. Cal. 2008)).

VERIZON'S MOTION FOR SANCTIONS FOR
SPOLIATION OF EVIDENCE AND SUPPORTING
MEMORANDUM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX\120226\181299\RAT\14269345.1

**a.    Verizon is entitled to dismissal of all of Plaintiffs' claims**

Dismissal is appropriate where one party's willful destruction of material evidence causes substantial prejudice to the innocent party.[64]  When evidence is destroyed willfully, prejudice to the innocent party may be presumed because that party "is deprived of what [the court] can assume would have been evidence relevant to [the innocent party's claims or defenses]."[65] When evidence is destroyed willfully, "such destruction is sufficient evidence from which to conclude that the missing evidence was unfavorable to [the destroying] party."[66]

Other district courts in the Ninth Circuit have ordered dismissal for willful spoliation of material evidence in cases involving high technology.  In *Cabnetware, Inc. v. Sullivan,* the Eastern District of California ordered dismissal based on the defendant's willful destruction of a hard copy of the software source code relevant to plaintiff's claim for copyright infringement.[67] The defendant's destruction of the source code prevented the plaintiff from being able to compare it to the plaintiff's software, despite being on notice of plaintiff's claim for copyright infringement and of the source code's significance to that claim.[68]  The court concluded that the defendant "willfully destroyed evidence of great significance" to the case, and "nothing less than default judgment on the issue of liability [would] suffice to both punish [the] defendant and deter others."[69]  As in the present case, the spoliator for sanctioned for destroying key evidence

---

[64] *See Unigard Security Ins. Co.*, 982 F.2d at 369; *Erlandson*, 2009 U.S. Dist. LEXIS 101316 at *17-18.
[65] *S. New England Tel. Co. v. Global NAPs Inc.,* 624 F.3d 123, 148 (2d Cir. 2010).
[66] *Sekisui Am. Corp. v. Hart,* 945 F. Supp. 2d 494, 508 (S.D.N.Y. 2013).
[67] *Cabnetware, Inc. v. Sullivan,* 1991 U.S. Dist. LEXIS 20329 (E.D. Cal. 1991).
[68] *Id.* at *6-7.
[69] *Id. at* *12-13.

Page 12 -    VERIZON'S MOTION FOR SANCTIONS FOR
            SPOLIATION OF EVIDENCE AND SUPPORTING
            MEMORANDUM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

consisting entirely of software.[70]

This Court has also ordered dismissal for spoliation of material evidence in cases where the despoiler acted with a lesser degree of culpability.  In *Erlandson v. Ford Motor Co.,* the plaintiff sought damages arising out of the defendant's alleged mis-manufacture of the transmission in plaintiff's minivan.[71]  Before filing the complaint, but after an exchange of letters between the plaintiff and defendant regarding a potential settlement, the plaintiff sold the minivan.  In opposition to the defendant's motion for sanctions, the plaintiff argued that it had not acted maliciously, and that its particular minivan was not relevant to whether the defendant negligently manufactured that model in general.[72]  The Court disagreed: "Plaintiffs here have…denied Defendant access to the only evidence from which Defendant can adequately investigate Plaintiffs' claims and develop its defenses."[73]  Because there was no "adequate substitute" for the destroyed evidence in adjudicating Plaintiff's claims and Defendants' defense, the court ruled that "a lesser sanction than dismissal will not cure the prejudice to Defendant."[74]

Other jurisdictions also ordered dismissals in similar cases.  In *Brancaccio v. Mitsubishi Motors Co.*, Southern District of New York dismissed the plaintiffs' complaint when the car with the seat belt at issue was repossessed before the defendant had an opportunity to inspect it.[75]  The plaintiff was allegedly injured when she fell on a seat belt that failed to retract.[76]  Plaintiffs'

---

[70] *Erlandson,* 2009 U.S. Dist. LEXIS 101316 at *5.
[71] *Id.* at *4-5.
[72] *Id.* at *11, 15-16.
[73] *Id.* at *15.
[74] *Id.* at *17.
[75] 1992 U.S. Dist. LEXIS 11022, No. 90 Civ. 7852 (RWS) (S.D.N.Y. July 28, 1992).
[76] *Id.* at *1.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

expert examined and photographed the seat belt.[77]  The expert concluded the belt was defective.

Subsequently, the truck was repossessed.[78]  The court concluded that dismissal was warranted

since the defendant's ability to inspect the product had been completely frustrated.[79]  The

existence of the photographs did not mitigate against default.[80]  Since the plaintiffs were plainly

at fault for allowing the car to be repossessed and destroying the evidence, dismissal was the

only appropriate result.[81]

    Similarly, in *Allstate Ins. Co. v. Sunbeam Corp.*, a plaintiff's failure to save all material

evidence warranted dismissal.[82]  In its subrogated claim, Allstate alleged that Sunbeam

manufactured a defective outdoor gas grill that caused the fire.[83]  Allstate theorized that the fire

started as a leak somewhere in the gas train system of the grill and that if the grill had been

equipped with a safety disconnect device, fire would have been prevented.  Allstate's

investigators inspected the scene, took pictures and preserved the subject outdoor grill.[84]

Sunbeam hypothesized that a spare tank of propane had been stored beneath or behind the grill,

that it had been overfilled and then overheated, resulting in ignition when it hit the already

burning burners.[85]  Allstate failed to preserve the second propane tank and Sunbeam's experts

were unable to inspect it.  The court held that dismissal was the appropriate sanction:

    By reason of plaintiff's act in destroying material evidence, *we conclude that*

---

[77] *Id.* at *2.

[78] *Id.*

[79] *Id.* at *4.

[80] *Id.* at *3-4.

[81] *Id.* at *4.

[82] 865 F. Supp. 1267 (N.D. Ill. 1994)

[83] *Id.* at 1268.

[84] *Id.* at 1270.

[85] *Id.* at 1269.

VERIZON'S MOTION FOR SANCTIONS FOR
    SPOLIATION OF EVIDENCE AND SUPPORTING
    MEMORANDUM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX\120226\181299\RAT\14269345.1

*dismissal of the case is an appropriate sanction deserving of Allstate's cavalier attitude in this case.* Knowing full well that  subrogation efforts towards Sunbeam were a distinct possibility, Allstate nonetheless destroyed all evidence available for Sunbeam to formulate a cause and original analysis, and present that analysis to the fact finder. Sunbeam was inextricably harmed in its ability to defend the lawsuit.  Accordingly, plaintiff's conduct requires as an appropriate sanction, that the complaint be dismissed.[86]

Plaintiffs in the present case are no less deserving of having their case dismissed.  They destroyed material evidence is of great relevance and significance to the claims made in this case.  Even if they had not acted maliciously, no sanction short of dismissal will cure the prejudice to Verizon.

### b.    Short of dismissal, the Court should exclude Plaintiffs' expert testimony and enter an adverse inference jury instruction

At a minimum, this Court should exclude all of Plaintiffs' expert witness testimony regarding the Centrisoft software, and instruct the jury that it may infer that the destroyed evidence would have been unfavorable to Plaintiffs and favorable to Verizon.

This Court should also exclude all of Plaintiffs' expert testimony regarding the Centrisoft software as it did in *PacifiCorp v. Northwest Pipeline GP*.[87]  As in *PacifiCorp,* the despoiled evidence is at the heart of the litigation – whether Verizon caused the total loss of the only copy of the Centrisoft software.  Absolutely nothing remains of those hard drives, nor of the computer discs upon which Mr. Newton once stored the Centrisoft software and source code.  Short of dismissal, exclusion of all expert testimony concerning the Centrisoft software is an appropriate sanction to alleviate the significant evidentiary imbalance created by Plaintiffs' spoliation. Plaintiffs deprived Verizon of a powerful means of negating all of Plaintiffs' claims.  At a

---

[86] *Id.* at 1279 (emphasis added).

Page 15 -    VERIZON'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE AND SUPPORTING MEMORANDUM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX\120226\181299\RAT\14269345.1

minimum, Plaintiffs should be precluded from introducing expert testimony regarding the allegedly lost software, and whether an operational version of that software exists anywhere.

An adverse jury instruction is appropriate where, as here, the despoiler willfully and permanently destroys key evidence.  In *Sekisui Am. Corp. v. Hart*, the Southern District of New York found that the plaintiff willfully destroyed the email records of at least two key custodians despite irrefutable knowledge that litigation could arise.[88]  The court instructed the jury that the plaintiff failed to preserve relevant evidence after its duty to preserve arose, and that the jury could infer that the lost evidence would have been favorable to the defendants.[89]  A similar instruction is appropriate here because Plaintiffs willfully destroyed relevant evidence after their duty to preserve arose.[90]  Plaintiffs – not Verizon– should bear the consequences of their spoliation.

///

///

///

///

///

///

---

[87] 879 F. Supp. 2d 1171.
[88] 945 F. Supp. 2d 494, 509 (S.D.N.Y. 2013).
[89] *Id.* at 509-10.
[90] *Glover v. The BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993) ("Short of excluding the disputed evidence, a trial court also has the broad discretionary power to permit a jury to draw an adverse inference from the destruction or spoliation against the party or witness responsible for that behavior.").

Page 16 -    VERIZON'S MOTION FOR SANCTIONS FOR
            SPOLIATION OF EVIDENCE AND SUPPORTING
            MEMORANDUM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

**D.**    **Conclusion**

For the reasons set forth above, the Court should grant Verizon's motion for sanctions.

Dated this 8th day of August, 2014.

Respectfully submitted,

Schwabe, Williamson & Wyatt, P.C.

By:/s/ Román D. Hernández
         Thomas V. Dulcich, OSB #802105
         Román D. Hernández, OSB #011730
         Rebecca A. Boyette, OSB #135024
         Telephone: 503.222.9981
         Facsimile: 503.796.2900
         Of Attorneys for Verizon

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the applicable word-count limitation under LR 7-2(b) because it contains 3,407 words, including headings, footnotes, and quotations, but excluding the caption, table of contents, table of cases and authorities, signature block, exhibits, and any certificates of counsel.


*/s/ Román D. Hernández*
Román D. Hernández, OSB #011730

Page 1 -   VERIZON'S MOTION FOR SANCTIONS FOR
SPOLIATION OF EVIDENCE AND SUPPORTING
MEMORANDUM

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX\120226\181299\RAT\14269345.1