**Thomas V. Dulcich, OSB #802105**
tdulcich@schwabe.com
**Román D. Hernández, OSB #011730**
rhernandez@schwabe.com
**Rebecca A. Boyette, OSB #135024**
rboyette@schwabe.com
Schwabe, Williamson & Wyatt, P.C.
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981
Fax 503.796.2900
        Of Attorneys for Verizon

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| FOG CAP ACCEPTANCE, INC., an Oregon corporation; and FOG CUTTER CAPITAL GROUP, INC., a Maryland corporation,<br><br>            Plaintiffs,<br><br>    vs.<br><br>**VERIZON BUSINESS NETWORK SERVICES, INC.**, a Delaware corporation; **VERIZON GLOBAL NETWORKS INC.**, a Delaware corporation; **MCI COMMUNICATIONS SERVICES, INC.**, fka MCI WORLDCOM COMMUNICATIONS, INC., abn VERIZON BUSINESS SERVICES, a Delaware corporation; and JOHN DOE, a corporate entity currently unknown to Plaintiffs,<br><br>            Defendants. | No. 3:11-CV-724-PK<br><br>VERIZON'S REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE |

Page 1 -    VERIZON'S REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX\120226\181299\RAT\14557031.1

## I. Plaintiffs Fail to Rebut Verizon's Evidence That Plaintiffs' Duty to Preserve Arose, at the latest, in July of 2009.

Plaintiffs do not argue, nor can they, that they were not on notice of a potential claim against Verizon in June of 2009, or at the latest, in July of 2009.[1] Therefore, their duty to preserve relevant documents and electronic data arose <u>as of that time</u>. Plaintiffs cannot escape the fact that at the time Dave Hansen ("Hansen") destroyed the computer hard drives, Plaintiffs knew that there was a potential claim against Verizon. Plaintiffs ignore the authority cited in their own response.[2]

Plaintiffs ask the Court to ignore their actions and to blame their employees (Hansen and Michael Newton ("Newton")), rather than Plaintiffs, for the willful destruction of relevant evidence. Innocence of one person does not justify Plaintiffs' actions in failing to preserve (by destroying) relevant evidence, nor does it shield Plaintiffs from the imposition of sanctions. Plaintiffs argue that "typically" sanctions for spoliation are ordered when litigation has already commenced or when a party has explicit notice regarding impending litigation, but fail to explain persuasively why sanctions should not be imposed when Plaintiffs were admittedly on notice of a

---

[1] Plaintiffs' knowledge of a claim as of the time Plaintiffs failed to preserve the Centrisoft data is underscored by the changes made by Plaintiffs when they filed an amended opposition (Dkt. # 120) and an Amended Declaration of David Hansen. (Dkt. #121.) In their original papers, Plaintiffs stated that they had no idea of a potential claim when the spoliation occurred. Mr. Hansen's original declaration stated: "I had no idea in 2010 that there was going to be a lawsuit against Verizon. . ." (Dkt. 117, p .3.) The original opposition stated: "As to the destruction of the hard drives of the desktop computers, Fog Cutter should not be sanctioned because, at the time the desktops were destroyed, litigation, was neither anticipated nor reasonably foreseeable. When Mr. Hansen destroyed the desktops in 2010, he was unaware of any potential litigation. At that point, Fog Cutter merely had a potential claim, which does not engender a duty to preserve evidence." (Dkt. 114, p. 7) (internal citations omitted). These statements were removed in the recently-filed amended papers. The corrections make plain that Plaintiffs were under an obligation to preserve data at the time they willfully failed to do so.

[2] *Leon v. IDX Sys. Corp.*, 464 F.3d 951 (9th Cir. 2006). *See also Realnetworks, Inc. v. DVD Copy Control Ass'n, Inc.*, 264 F.R.D. 517, 523-24 (N.D. Cal. 2009) ("As soon as a potential claim is identified, a litigant is under a duty to preserve evidence which it knows or reasonably should know is relevant to the action.") (internal citation omitted).

Page 2 -    VERIZON'S REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981 Fax 503.796.2900

PDX\120226\181299\RAT\14557031.1

potential claim.[3]

In this case as in *Leon*, Plaintiffs also had notice of relevant evidence that might be found on the destroyed computer hard drives and CDs, particularly where the central issue in Plaintiffs' lawsuit concerns loss or destruction of computer software and source code.[4] Despite notice of the relevance of computer equipment in a case such as this, they intentionally destroyed 10-15 computer hard drives that contained electronic data that once belonged to Centrisoft.

## II.     Plaintiffs Were Responsible For Requesting that Newton Return the CDs Containing the Centrisoft Software.

Plaintiffs argue that they did not have any obligation to preserve relevant evidence that was in the possession of their former employee, Newton. They argue that they should not be blamed for the fact that he discarded the CDs containing software and source code. Plaintiffs are wrong. Newton was a key player in this case given his role as Plaintiffs' only software developer; they knew was working on software updates for them.[5] Once triggered, the duty to preserve extends to any documents or tangible items that the party knows or should know are relevant to the potential litigation, as well as to documents in the possession of employees who are "key players" in the case.[6]

Plaintiffs' argument that Newton was a former employee and therefore they were not

---

[3] *Plaintiffs' Response*, p. 7.
[4] *See Plaintiffs' Fourth Amended Complaint*, ¶ 14 (alleging that Verizon breached the parties' agreement by ". . .failing to maintain adequate backups of the Plaintiffs' Application and Content. . ."); ¶ 19 (alleging that Plaintiffs' server not in working order when returned to Plaintiffs); ¶ 23 (alleging that Verizon was negligent and that "The Centrisoft product and client names, which were on the stored on the server, were destroyed).
[5] *Hernández Decl.*, Ex. B (Stevenson Depo.), p. 214:10-13 ("He was a programmer and he was retained to continue the work on the software that would keep it fresh and updated, compliant with Vista and subsequent Microsoft issues.")
[6] *Knickerbrocker v. Corinthian Colleges*, 298 F.R.D. 670, 678 (W. D. Wash. Apr. 7, 2014) ("Once triggered, this duty extends to any documents or tangible items that the party knows or should know are relevant to the litigation,

Page 3 -     VERIZON'S REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

PDX\120226\181299\RAT\14557031.1

required to inform him to preserve the CDs or return them completely misses the point and lacks legal support. Newton was either still employed by Plaintiffs or had just been terminated when the duty to preserve arose in June of 2009 (or in July of 2009 at the latest).[7] Plaintiffs could easily have requested that Newton return the CDs and/or preserve the software and source code, but failed to do so. They were required to do that.[8] The sanctionable conduct is not Newton's destruction of the CDs, but Plaintiffs' failure to request that Newton preserve and/or return the CDs once they became aware of a potential lawsuit against Verizon.[9]

### III. Plaintiffs' Argument that Sanctions Should Not Be Imposed Because Hansen Was Unaware Of Potential Litigation at the Time He Destroyed the Centrisoft Computer Hard Drives Fails Because Reasonable Foreseeability of Litigation Is an Objective Standard.

Hansen's declaration is insufficient to avoid sanctions although he attempts to shield Plaintiffs from their obligation to preserve potentially relevant evidence when he destroyed the 10-15 computer hard drives. Hansen merely declares that he took his actions in good faith. That is not the point. Instead, in determining whether a duty to preserve existed, courts ask whether a

---

as well as to documents in the possession of employees who are "key players" in the case."), *citing*, *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 881 F. Supp. 2d 1132, 1137 (N.D. Cal. 2012)..

[7] *See* Declaration of Rebecca Boyette in Support of Verison's Reply Brief in Support of Motion for Sanctions for Spoliation of Evidence, Exh. D, Transcript of Michael Joseph Newton at 30:6-10; 31:10-25; and 38:5-18.

[8] *See Erlandson v. Ford Motor Co.*, 2009 U.S. Dist. LEXIS 101316 at *12 (D. Or. Oct. 30, 2009 ("[T]he initial duty to preserve material evidence falls to Plaintiffs and extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation. The party in control of the evidence has an obligation to give the opposing party notice of access to the evidence. . .if the party anticipates litigation involving that evidence.") (internal citations and quotes omitted).

[9] Plaintiffs cite a portion of Newton's deposition transcript that is taken out of context for the proposition that Newton did not know whether he had the <u>exact</u> <u>copy</u> of the production copy of the Centrisoft software that was resided on the servers at the Verizon hosting facility. Even if Newton did not have a copy of the exact version of the software that resided on the hosted servers, the CDs were still relevant because they may have significantly reduced Plaintiffs' alleged damages or eliminated them completely—Verizon and this Court will never know because Plaintiffs failed to preserve the important evidence that their employee, Newton, had in his possession.

Page 4 -    VERIZON'S REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX\120226\181299\RAT\14557031.1

party *should* know that evidence *may* be relevant to litigation that is *reasonably* foreseeable.[10] Indeed, the focus is whether the organization knew about the foreseeability of future litigation.[11] Plaintiffs certainly knew about a potential claim against Verizon in June or July of 2009, and they do not dispute that important fact.

### IV. Plaintiffs Fail to Rebut Verizon's Evidence that the Destroyed CDs and Computer Hard Drives Were Relevant to its Defense and that Their Destruction Prejudiced Verizon.

Plaintiffs argue that sanctions cannot be imposed because Verizon cannot know for certain whether the CDs and hard drives contained an operating version of the Centrisoft software. This argument is contrary to Ninth Circuit authority, which holds that because the relevance of destroyed documents cannot clearly be ascertained if they no longer exist, a party cannot assert any presumption of irrelevance as to the destroyed documents.[12] To the contrary, when potentially relevant evidence is destroyed willfully, prejudice to the innocent party may be presumed because that party "is deprived of what [the court] can assume would have been evidence relevant to [the innocent party's claims or defenses]."[13] When evidence is destroyed willfully, "such destruction is sufficient evidence from which to conclude that the missing

---

[10] *See PacifiCorp v. Northwest Pipeline GP,* 879 F. Supp. 2d 1171, 1188 (D. Or. 2012); *Hynix Semiconductor Inc. v. Rambus, Inc.,* 591 F. Supp. 2d 1038, 1061 (N.D. Cal. 2006)("Sanctions may be imposed on a litigant who is on notice that documents and information in its possession are relevant to litigation, or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence, and destroys such documents and information."), *quoting, Wm. T. Thompson Co. v. General Nutrition Corp.,* 593 F. Supp. 1443, 1455 (C.D. Cal. 1984).
[11] *PacifiCorp,* 879 F. Supp. 2d at 1188 ("A party's destruction of evidence is considered "willful" if the party "has some notice that the [evidence was] potentially relevant to the litigation before [it was] destroyed. . . . Circuit courts describe the duty to preserve evidence as attaching when a party should know that evidence may be relevant to litigation that is "anticipated," or "reasonably foreseeable."")(internal citations omitted).
[12] *See Leon,* 464 F.3d at 956 ("[B]ecause of Dr. Leon's actions there is no way of knowing what might have been stored on the laptop's hard-drive and no reliable way of recreating what might have been there.").
[13] *S. New England Tel. Co. v. Global NAPs Inc.,* 624 F.3d 123, 148 (2d Cir. 2010).

Page 5 -    VERIZON'S REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX\120226\181299\RAT\14557031.1

evidence was unfavorable to [the destroying] party."[14]

Plaintiffs argue that Verizon was not prejudiced because the destroyed evidence only goes to the issue of damages.[15] However, the destroyed evidence was relevant to an essential element of <u>all</u> of Plaintiffs' claims because all of their claims relate to their alleged total loss of their Centrisoft software.[16] Verizon has suffered prejudice as a result of Plaintiffs' spoliation.

V. **Plaintiffs' Argument that Sanctions Cannot Be Imposed Based on Negligent Destruction of Potentially Relevant Evidence Fails as a Matter of Law.**

Plaintiffs admit that, "in the worst case scenario, Fog Cutter mistakenly destroyed the desktops."[17] Plaintiffs argue that they had no idea the computers may have contained the Centrisoft software, and that they were simply going about the ordinary business of dismantling Centrisoft's operations, so that Verizon should bear the consequences of the lost evidence. This is contrary to Ninth Circuit authority cited by Verizon in its opening brief. Spoliation does not require that destruction of evidence be knowing or intentional.[18] The plaintiff in *Leon* similarly tried to excuse his spoliation and claimed that it he was merely negligent, but that did not prevent imposition of sanctions.[19]

Plaintiffs also try to excuse their conduct by arguing that because they were in the process of winding down the Centrisoft business they should be excused from having preserved

---

[14] *Sekisui Am. Corp. v. Hart,* 945 F. Supp. 2d 494, 508 (S.D.N.Y. 2013).
[15] *Plaintiffs' Response*, p. 10 ("The only issue possibly affected by the destruction of the desktops which may or may not have contained a functioning copy of the software, is damages.").
[16] See generally, *Plaintiffs' Fourth Amended Complaint.*
[17] *Plaintiffs' Response*, p. 8.
[18] *Leon v. IDX Sys. Corp.,* 464 F.3d 951, 959 (9th Cir. 2006) (quoting *United States v. Kitsap Physicians Serv.,* 314 F.3d 995, 1001 (9th Cir. 2002)) (emphasis in *Leon*); *Unigard Security Ins. Co. v. Lakewood Engineering & Mfg. Corp.,* 982 F.2d 363, 369 (9th Cir. 1992).
[19] *Leon*, 464 F.3d at 956-57 ("While Leon claimed that is wiping of relevant evidence was merely negligent. . . .The court concluded "that the extraordinary measures to which Dr. Leon resorted to destroy evidence relevant to this litigation merit a finding of bad faith."").

Page 6 -   VERIZON'S REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981 Fax 503.796.2900

PDX\120226\181299\RAT\14557031.1

relevant electronic data in their possession.[20] This argument does not excuse Plaintiffs' from their duty to preserve relevant evidence when they knew that a potential claim existed.

Plaintiffs cite the case of *Brodle v. Lochmead Farms, Inc.* as support for their proposition that "mere negligence" is not sufficient for sanctions, but that case is distinguishable and unpersuasive. *Brodle* involved the unintentional recording over of surveillance video which showed a patron's interaction with store personnel upon which she based her ADA claim.[21] In denying the plaintiff's request for sanctions, the Court concluded that the inadvertent loss of one day's video footage did not prejudice her because she could still present her case through direct testimony.[22]

Unlike *Brodle*, Plaintiffs' destruction of 10-15 Centrisoft computer hard drives was not mistaken nor unintentional. Also, the plaintiff in *Brodle* did not have critical need for the video that had been recorded over, and the Court concluded that she could still present her case through her own direct testimony as to the interactions with the store personal to prove her case. Verizon does not have the same luxury; Verizon may have had a complete defense had another operable copy of the Centrisoft computer software been found on the 10-15 computer hard drives that Hansen destroyed, or among the various CDs that Newton had in his possession. This Court and Verizon will never know exactly what electronic data was on the spoiled evidence when

---

[20] *Plaintiffs' Response*, pp. 9-10.
[21] *Brodle v. Lochmead Farms, Inc.*, 2011 U.S. Dist. LEXIS 119000 (D. Or. Oct. 13, 2011)
[22] *Brodle*, 2011 U.S. Dist. LEXIS at *10-11 ("I find that plaintiff's request is tantamount to a request for entry of summary judgment and that plaintiff fails to satisfy the higher standard for default sanctions. The sole fact that Dari-Mart preserved video from December 1 but failed to preserve video from December 6 does not show willfulness, bad faith, or fault. Furthermore, the loss of the December 6 video does not interfere with the rightful decision of the case, because defendants admit plaintiff was asked to leave on December 6 and the December 6 video does not establish what occurred on December 1. Moreover, plaintiff has failed to prove that she is prejudiced by the loss of the video, as plaintiff is still able to present her case at trial through direct testimony.").

Page 7 -    VERIZON'S REPLY BRIEF IN SUPPORT OF MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone 503.222.9981  Fax 503.796.2900

PDX\120226\181299\RAT\14557031.1

destroyed, but that is the point.[23] Plaintiffs rather than Verizon should bear the consequences of their spoliation.

Dated this 29th day of September, 2014.

Respectfully submitted,

                           Schwabe, Williamson & Wyatt, P.C.

                           By:/s/ *Román D. Hernández*
                                Thomas V. Dulcich, OSB #802105
                                Román D. Hernández, OSB #011730
                                Rebecca A. Boyette, OSB #135024
                                Telephone: 503.222.9981
                                Facsimile:  503.796.2900
                                Of Attorneys for Verizon

---

[23] *Erlandson v. Ford Motor Co.*, 2009 U.S. Dist. LEXIS 101316 at *15 (D. Or. Oct. 30, 2009) ("Plaintiffs here have...denied Defendant access to the only evidence from which Defendant can adequately investigate Plaintiffs' claims and develop its defenses.").

Page 8 -    VERIZON'S REPLY BRIEF IN SUPPORT OF MOTION FOR
             SANCTIONS FOR SPOLIATION OF EVIDENCE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
Pacwest Center
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone 503.222.9981  Fax 503.796.2900

PDX\120226\181299\RAT\14557031.1